UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80751-Civ-LENARD/TORRES

PAMELA MORRISON,

        Plaintiff,

v.

MORGAN STANLEY PROPERTIES,
a/k/a MORGAN STANLEY REAL
ESTATE FUND IV DOMESTIC - GP,
LLC, a foreign corporation authorized
to conduct business in the state of
Florida, KITSON & PARTNERS, LLP,
a foreign corporation authorized to
conduct business in the State of
Florida, and IBIS WEST PALM BEACH
PARTNERS, LLP a/k/a MSKP IBIS
HOLDINGS, LLC, a limited liability
partnership authorized to conduct
business in Florida,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

      This matter comes before the Court on Defendant's Motion to Dismiss [D.E. 5, 8] that was referred for final disposition by consent by the Honorable Joan A. Lenard, United States District Judge [D.E. 17, 30]. The Court has reviewed the motions, Plaintiff's response in opposition, and the recorded in the case and is otherwise advised in the premises. This motion is thus ripe for disposition. For the reasons that follow, the claims raised in the pending Complaint are all dismissed, without prejudice to Plaintiff filing an amended complaint that seeks to correct the deficiencies identified herein, if possible, with the required factual allegations and legal elements necessary to state the claims she

wishes to pursue in this litigation. Recognizing that Plaintiff is a pro se litigant, we will not dismiss her claims with prejudice at this time, with limited exceptions as noted. The Court can revisit that issue with respect to any claims that Plaintiff includes in her amended complaint. Additionally, Plaintiff is on notice that, even though she is a pro se litigant, she must still comply with the requirements of Fed. R. Civ. P. 11 in connection with any claims raised in this case. Any amended complaint she files in response to this Order will be measured by that standard.[1]

### I.   BACKGROUND

Morgan Stanley Properties a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, LLC ("Morgan Stanley"), Kitson & Partners, LLP ("Kitson") and Ibis West Palm Beach Partners, LLP a/k/a MSKP Ibis Holdings, LLC ("Ibis)(collectively, "Defendants") move to dismiss the Complaint filed by Plaintiff, Pamela Morrison ("Morrison"), pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In addition, Defendants move to strike the individuals named by Morrison as "Parties-in-Interest," pursuant to Fed.R.Civ.P. 12(f).

Plaintiff's Complaint, filed pro se, seeks to state fourteen counts:  Count I: employer discrimination; Count II: willful violation of Drug Free Workplace Act; Count III: willful violations of Fair Labor Standards Act; Count IV: violation of privacy rights; Count V: improper destruction of corporate files; Count VI: malicious prosecution; Count VII: wanton, reckless, and willful misconduct; Count VIII: abuse of process; Count IX: negligence; Count X: slander - defamation of character; Count XI: wrongful combination

---

[1]The Court notes also that during the intervening time period Plaintiff filed a motion and amended motion to amend her complaint that apparently addresses seeks to join additional parties to this action. Rather than denying the motion to dismiss as moot, however, the Court has decided to proceed with disposition of the motion and deny the pending motions to amend the complaint as moot, so as to allow Plaintiff to revisit, with the benefit of this Order, what allegations she can or cannot raise and against what entity or person she wishes to raise them.

against workers; Count XII: physical and mental anguish; Count XIII: personal damages; and Count XIV: punitive/special damages. [D.E. 1].

Plaintiff's claims stem from her prior employment, and her suspension and termination from that employment, with the IBIS Country Club as Assistant General Manager and Food and Beverage Director. According to the factual allegations in the Complaint that will be taken as true for purposes of this Order, on July 25, 2003, Plaintiff was confronted regarding a $600.00 charge for goods allegedly made by Manager Cliff Wilson, for personal use. [D.E. 1 at 3]. This charge was made without the knowledge of the Food & Beverage Director, and after it was confirmed by Plaintiff, Plaintiff was called to Human Resources on behalf of Manager Wilson and Controller William Vander May. [*Id.*]. Plaintiff was then suspended, with pay, for "drinking on the job." [*Id.*] During the next two days, Plaintiff alleges that the "core Food & Beverage staff" were similarly suspended for "drinking on the job;" the charge was then changed from "drinking on the job" to "participating in shift drinks ."[2]

On August 1, 2003 Plaintiff was contacted by Controller Vander May, "demanding" that she meet with him within the next two days. [*Id.*]. Once informed that Plaintiff intended to obtain legal counsel, Mr. VanderMay allegedly informed Plaintiff that she could consider herself "terminated." [*Id.*].[3] On August 5, 2003, Plaintiff was officially terminated by Mr. VanderMay for "refusal to communicate with [them] and refusal to

---

[2]According to Plaintiff, shift drinks were approved with the Director of Clubhouse Operations, as well as cleared by Human Resources. [D.E. 1 at 4]. This practice was purportedly accepted behavior, and was routinely participated in by various employees throughout the club. [*Id.*]. It is defined as "drinking while on duty at functions - as part of the job." [*Id.*].

[3]Mr. VanderMay spoke directly with Plaintiff's husband, who then relayed the information to Plaintiff. [*Id.*]. Mr VanderMay was a subordinate to Plaintiff and was not a Human Resources representative "prior to or immediately after this incident." [*Id.*].

meet with [them] to discuss the outcome of [their] investigation and [Plaintiff's] options with regard to [her] employment with IBIS." [D.E. 1 at 4-5].[4]

Plaintiff claims that she did not violate any policies, as she claims that she was directly instructed by her superior, Steve Philbrook, to authorize "shift drinks" when necessary. [D.E. 1 at 5]. Plaintiff also claims that she has been unable to obtain further employment at the same level at which she was terminated since this incident and, thus, she has been damaged by her wrongful termination.

Plaintiff initially filed a lawsuit on August 2, 2005,[5] and was ordered on January 25, 2006 to file a more definite statement of the complaint by District Judge William Zloch. Based on Plaintiff's failure to do so, Judge Zloch ultimately dismissed that case without prejudice. Plaintiff then filed a new action with a more substantive complaint on August 7, 2006 [D.E. 1] that Defendants have now moved to dismiss.

## II. LEGAL STANDARD

Rule 12 states that a complaint which fails to state a claim upon which relief can be granted is reason to dismiss the complaint entirely. Fed.R.Civ P 12(b)(6). The Court must consider the complaint's allegation as true, and "read in the light most favorable to the plaintiff." *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) (citing *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). A complaint need only provide a short and plain statement of claim, sufficient to put the defendant on the notice of the claims raised against it. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007). The allegations in a

---

[4]Plaintiff continually asserts that Mr. Vander May was her subordinate before and at the time of her termination, and was not a member of the Human Resources Department.

[5]Case number 05-80701-Civ-ZLOCH (S.D. Fla.).

complaint need not be detailed but "must be enough to raise a right to relief above the speculative level." *Id.* At 1964-65.  The court does not require heightened fact pleading, but does require enough facts to state a claim to relief that is plausible on its face. *Id.* At 1974.  While the court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.*

Moreover, pro se pleadings are viewed with considerable leniency and are held to less stringent standards than those required of pleadings prepared by legal counsel. *E.g., Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  That being said, even a pro se complaint must still ultimately allege sufficient facts and legal elements to support a cognizable legal claim.  *See, e.g., Taylor v. Brooks A. Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

### III.  ANALYSIS

Plaintiff filed in this, her second, lawsuit a fourteen-count complaint, where she alleges a plethora of claims against her former employer and the other named Defendants.  While we must take into account that she is a pro se litigant, the Court nevertheless acknowledges and agrees with most of Defendants' contentions regarding the claims alleged in this Complaint.  In a vast majority of the counts, Plaintiff fails to set forth any cognizable cause of action.  In other words, she fails to show the Court how any of the facts presented establish or even allude to a single element of the various counts alleged.

#### A.   *Count I - Employer Discrimination*

Defendants assert that Plaintiff cannot support a claim for employer discrimination because she failed to satisfy the necessary procedural legal prerequisites.  In addition, Defendants point out that Plaintiff refers in this count to the Fair Labor Standards Act ("FLSA") seemingly in passing.  If that reference is intentional, Defendants challenge its relevance and propose to dismiss the count on that claim as well.

Employer discrimination does not exist at common law, and thus, is a claim created by statute. Any such claim must be either filed under federal law (for instance Title VII of the Civil Rights Act of 1964), or under state law (per the Florida Civil Rights Act ("FCRA")). Both federal and state statutes require the timely filing of a "charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations ("FCHR") *prior* to filing suit. 42 U.S.C.A. § 2000e-5(e)(1), Fla.Stat. § 760.11. Specifically, in Title VII a civil action is contemplated by the Commission or an individual only after the timely filing of a charge, and is not described as an alternate route to circumvent the jurisdiction of the Commission altogether. 42 U.S.C.A. § 2000e-5(f)(1).

In the Eleventh Circuit, "before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1567 (11th Cir. 1996). It is thus well established that a plaintiff must exhaust all possible administrative avenues before seeing legal recourse under Title VII. *E.g., Wu v. Thomas*, 963 F.2d 1543, 1547 (11th Cir. 1989); *Wilkerson v. Grinell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies.")).

Plaintiff's Complaint in Count I never alleges the timely filing of a Charge of Discrimination, and in turn, never acknowledges the reception of a Right to Sue letter. In addition, as Defendants point out, Plaintiff's pro se status does not excuse her from this essential prerequisite. *See Wilkerson,* 270 F.3d at 1314 (holding that an intake questionnaire submitted to the EEOC constituted a timely charge; litigant was pro se); *Newbold v. Unites States Postal Service,* 614 F.2d 46 (11th Cir. 1980) (holding that because

pro se plaintiff did not timely file suit after receiving denial of his claim from the EEOC, suit was therefore barred).

Moreover, assuming that Plaintiff had submitted a timely filing with either Commission, based on the set of facts set forth in her complaint, there is no support for her claim. Plaintiff only alludes to "sexual [stereotyping]," and as a result, never fully establishes a discrimination claim cognizable under Title VII. The facts alleged by Plaintiff do not properly exhibit, or support, a "discrimination" claim under either federal or state law in Count I of her Complaint.

Thus, this Court appears to lack subject matter jurisdiction over her employer discrimination claim and her claims do not evidence sufficient factual bases to support such a claim (assuming that jurisdiction would, otherwise, be proper). The Court agrees with Defendants and dismisses this count, but again without prejudice.

### B.     *Count II - Willful Violation of Drug Free Workplace Act*

Defendants move to dismiss Plaintiff's claim that there was a willful violation of the Drug Free Workplace Act. There is no legal obligation for an employer to institute a drug free workplace program. Fla. Stat. § 440.102(2). More specifically, Florida law explicitly states that "No cause of action shall arise in favor of any person based upon the failure of an employer to establish a program or policy for drug testing." Fla. Stat. § 440.102(7)(h).

Plaintiff's main contention in support of this claim appears to be the belief that she was terminated for drinking on the job. However, in her complaint, the only mention of a formal drug free program is a reference to the "standards of the Drug Free Workplace Act [stated in Defendants'] Policies and Procedures." [D.E. 1 at 7]. The court does not know if Defendants claimed eligibility for discounts pertaining to workers' compensation

insurance based on these supposed policies and procedures.[6] Plaintiff also never alleges that Defendants tried to drug test her.

Based on the limited set of facts that Plaintiff presented to the court, it is hard to determine whether Defendants did in fact have a drug-free workplace program in place, whether they were claiming discounts based on the imposition of said program, whether Defendants terminated Plaintiff as a result of a drug test, or even whether a drug test was requested at all. The Court believes it would have to make too many assumptions and only speculate in order to find a willful violation of the Drug Free Workplace Act, and thus, dismisses this count as well without prejudice.

> C. *<u>Count III - Willful Violations of Fair Labor Standards Act</u>*

Defendants next assert that Plaintiff cannot claim a willful violation of the Fair Labor Standards Act ("FLSA") because she not only never asserts a claim regarding compensation, but also because her claim is barred by the statute of limitations.

First, the purpose of FLSA is to ensure just compensation for workers for either actual work done or overtime. *E.g., Dade County, Fla. V. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997) ("Congress enacted the FLSA in 1938 to 'guarantee either regular or overtime compensation for all actual work or employment.'") Nowhere in Plaintiff's complaint does she allege lack of compensation for either her actual work done or

---

[6]"An employer may test an employee or job applicant for any drug described in paragraph (1)(c). In order to qualify as having established a drug-free workplace program under this section and to qualify for the discounts provided under § 627.0915 and deny medical and indemnity benefits under this chapter, an employer must implement drug testing that conforms to the standards and procedures established in this section and all applicable rules adopted pursuant to this section as required by subsection (4). However, an employer does not have a legal duty under this section to request an employee or job applicant to undergo drug testing. "If an employer fails to maintain a drug-free workplace program in accordance with the standards and procedures established in this section and in applicable rules, the employer is ineligible for discounts under s. 627.0915." Fla. Stat. § 440.102(2).

overtime. Her main complaint found within this count is the allegation that, "Defendants willfully chose to make one set of rules for the Plaintiff, and Parties-in-Interest, and a separate set of rules regarding other staff, management and directors." [D.E. 1 at 8]. This supposed "set of rules" for Plaintiff has nothing to do with compensation, and thus is not an FLSA issue. Moreover, Plaintiff alleges that various employees "[fabricated] information for the sole purpose of removing Plaintiff from her position as Assistant General Manager and Food and Beverage Director." *Id.* If Plaintiff had contended a compensation qualm regarding her removal, perhaps FLSA could have properly been alleged. However, because she does not make any sort of compensation claim, FLSA simply does not apply.

Second, assuming that Plaintiff did in fact assert a proper FLSA claim, Defendants still maintain that such claim would be barred by the statute of limitations. The Court will not decide this question now. The statute of limitations bars causes of action not commenced within two years after the cause of action accrued, or three years if the cause of action arose from a willful violation. 29 U.S.C. § 255(a). While Defendants correctly point out that Plaintiff did not file her complaint until August 7, 2006, they incorrectly assume that date automatically bars her claim. Plaintiff acknowledged that her last day of work was July 25, 2003 and she was permanently terminated August 1, 2003. However, Plaintiff originally filed a complaint on August 2, 2005 (which was ultimately dismissed without prejudice by Judge Zloch). If Plaintiff could not only show that there is a substantial FLSA claim, but also show that it was a willful violation (thus not barred by the statute of limitations), then perhaps she could make a relation-back argument to argue that her original filing allows her subsequent claim to be asserted, and thus is not barred by the statute of limitations, at least for purposes of a motion to dismiss. Whether Plaintiff can do that, however, is something that can be addressed at a later date if Plaintiff actually raises a claim that is cognizable in the first place under this statute.

The Court, based solely on the lack of factual support for the claim, dismisses this count without prejudice.

### D. *Count IV - Violation of Privacy Rights*

Defendants move to dismiss Plaintiffs violation of privacy rights claim on the grounds that Plaintiff did not properly allege any type of invasion of privacy, and in turn, never states a cause of action. The Florida Supreme Court recognizes four types of invasion of privacy.[7] We agree that Plaintiff has not even attempted to allege the first two types of invasion of privacy (i.e. appropriation or intrusion), and thus will only assess the second two.

#### 1. *Public Disclosure of Private Facts*

Florida has adopted the Restatement's test for this type of invasion of privacy, and as such, the Plaintiff must prove four elements: (1) the disclosure was public; (2) private facts were discussed; (3) the matter publicized was highly offensive to a reasonable person and; (4) the matter is not a legitimate concern to the public. *Heath v. Playboy Industries, Inc.*, 732 F. Supp. 1145, 1148 (S.D. Fla. 1990) (citing *Cape Publications v. Hitchner*, 549 So. 2d 1374(Fla. 1989) (citing Restatement (Second) of Torts § 652 D (1977))).

First, was the disclosure public? Plaintiff asserts that Defendants immediately *spread the word* that she had been suspended for "drinking on the job." [D.E. 1 at 9]. Although this is a vague allusion to public disclosure, it is theoretically possible that

---

[7]"The four types of wrongful conduct that can all be remedied with resort to an invasion of privacy action are: (1) appropriation-the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion-physically or electronically intruding into one's private quarters; (3) public disclosure of private facts-the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye-publication of facts which place a person in a false light even though the facts themselves may not be defamatory." *Agency for Health Care Admin. v. Associated Indus. of FL.*, 678 So.2d 1239, 1252 (Fla. 1996)(citing *Forsberg v. Housing Auth. Of Miami Beach*, 455 So.2d 373, 376 (Fla. 1984)(Overton, J., concurring)).

alerting employees who had no reason to know of her suspension based on "drinking on the job" could constitute such a claim. In addition, Plaintiff claims she received calls from club members, peers from other clubs, and members from other clubs immediately following the suspension. [D.E. 1 at 10]. Plaintiff does not state, however, what those calls entailed, or even if they discussed her suspension. Moreover, she does not state if those calls discussed their knowledge of her being suspended for "drinking on the job." If re-pled, Plaintiff must be able to specifically explain how public such disclosure was to state the first element of this claim.

Second, were private facts discussed? It is questionable whether the reason for Plaintiff's suspension should be deemed private. If she was fired for drinking on the job, other employees' knowledge of that fact (but only employees who had reason to know) does not necessarily constitute a discussion of private facts. The mere fact that her drinking of the job is contested does not necessarily support the claim that private facts were divulged. Unless Plaintiff can show that the admission by Defendants of Plaintiff being suspended for drinking on the job was truly a private fact being exposed publically, the Court cannot find that Plaintiff has met the second element of this claim.

Third, was the matter that was publicized highly offensive to a *reasonable* person? Using the reasonable person standard, the court can assume that being dismissed unfairly and without merit, as Plaintiff claims, could be deemed offensive but only with further factual support.

Fourth, was the matter *not* a legitimate concern to the public? Plaintiff's allegation here is likely sufficient. But because Plaintiff did not sufficiently allege facts necessary to substantiate a claim for public disclosure of private facts, the Court must dismiss this purported claim for invasion of privacy.

### *2.   False Light Invasion of Privacy*

False light invasion of privacy is the publication of facts which place a person in a false light even though the facts themselves may not be defamatory. *See, e.g., Agency for Health Care Admin. v. Associated Indus. of FL.*, 678 So.2d at 1252 n.20. The Restatement (Second) of Torts defines this cause of action as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
> (a) the false light in which the other was places would be highly offensive to a reasonable person, and
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Rest. 2d of Torts § 652E (1977). Florida has typically relied on the Restatement when evaluating false light invasion of privacy claims. *See Cape Publications, Inc. v. Hitchner*, 549 So.2d at 1377.

As discussed previously, based on the facts alleged by Plaintiff, it is questionable whether claiming that there was public knowledge of her "drinking on the job," which resulted in suspension, is not highly offensive to a reasonable person. Plaintiff asserts that the "drinking on the job" claim was false, and in turn could possibly constitute a false light claim. However, based on the limited set of facts alleged, Plaintiff has not adequately pled that Defendants had knowledge or reckless disregard as to the falsity of the claim. As Defendants point out, Plaintiff never specifically alleges who "spread" this fact, and as such, the Complaint does not allege who the actor was or how he/she acted recklessly. Nor does she allege any facts establishing damage from the alleged false claim.

Thus, this Court has found that Plaintiff did not properly state a claim for invasion of privacy, based on the four types of invasion previously mentioned, and in turn, dismisses this count, but again without prejudice.

### E.     *Count V - Improper Destruction of Corporate Files*

Defendants move to dismiss Plaintiff's improper destruction of corporate files claim for two reasons: first, Plaintiff never actually alleges destruction of files, just that Defendants failed to produce them; and, second, that no such claim exists within Florida law.

The Court agrees with Defendants regarding Plaintiff's failure to allege any destruction of corporate files. [D.E. 1 at 10]. However, while Plaintiff does not specifically assert to destruction of corporate files, it can be inferred from her set of facts that said files were not produced to her upon request. The complaint implies that within Plaintiff's personal file there would be documentation, not only regarding her suspension, but also general reviews regarding her quality of work produced while she was an employee for IBIS. Thus, the production of these files would be essential to Plaintiff's claim that suspension was based on false claims, and as a result, are essential to her suit.

However, Defendant's cited case law – that are based on spoliation of evidence claims – cannot be an independent cause of action under Florida law. *See Martino v. Wal-Mart Stores, Inc.*, 908 So. 2d 342 (Fla. 2005) (holding that a remedy against a first-party defendant for spoliation of evidence is not an independent cause of action); *Fini v. Glascoe*, 936 So. 2d 52 (Fla. 4th DCA 2006) (holding that an independent cause of action does not exist under Florida law for first-party spoliation of evidence claims). Thus, unless Plaintiff can properly state any other claim included in her complaint, this count cannot stand as an independent cause of action, and the Court will dismiss it. This claim can be dismissed with prejudice, but we can reconsider that if Plaintiff can amend her complaint and state a claim that could serve as a predicate for this dependent claim.

### F.   *Count VI - Malicious Prosecution*

Defendants assert that Plaintiff does not establish a claim for malicious prosecution because she did not sufficiently allege the six elements which make up the cause of action. Under Florida law, in order to prevail on a claim for malicious prosecution a plaintiff must show: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; *and* (6) the plaintiff suffered damage as a result of the original proceeding. *Alamo Rent-A-Car v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citing *Burns v. GCC beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986); *Adams v. Whitfield*, 290 So. 2d 49 (Fla. 1974)).

The only element of this claim that Plaintiff alludes to is number six – that she suffered damage as a result of the original proceeding.[8] However, even this is a stretch, because no legal proceeding was ever commenced on behalf of Defendants, against Plaintiff. Thus, Plaintiff has not properly alleged a claim for malicious prosecution, and the Court dismisses this count, but without prejudice.

### G.   *Count VII - Wanton, Reckless and Willful Misconduct*

Defendants move to dismiss Plaintiff claim of wanton, reckless and willful misconduct solely because no such cause of action exists under Florida law. However, both Plaintiff and Defendants fail to cite applicable Federal or State statutes, or case law,

---

[8]Plaintiff claimed that she has been unable to find work in the similar manner or position since her termination in Count IV.

that either supports or denies this claim. But solely based on the facts that Plaintiff sets forth, the Court cannot discern any cognizable cause of action. Plaintiff merely reiterates that Defendants' acted contrary to their own Policies and Procedures, and their misconduct not only violated Federal and Florida Statutes, but also was done for the sole purpose of damaging Plaintiff. [D.E.1 at 13]. Because no physical injury was claimed, the Court assumes that Plaintiff is referring to intentional infliction of emotional distress. As a result, according to Restatement (Second) or Torts, recovery for pure emotional distress absent physical injury is rarely possible.[9] Thus, if Plaintiff chooses to try and re-plead plead this claim, she would need to better develop her factual basis for such a claim given the applicable law. The Court dismisses this count without prejudice.

### H.     *Count VIII - Abuse of Process*

Defendants argue that Plaintiff cannot establish a claim for abuse of process because of her failure to allege the use of the judicial process, and in turn, no cause of action was ever stated.

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. For the cause of action to exist, there must be a use of the process for an *immediate purpose* other than that for which it was designed. There is no abuse of process, however, when the process is used

---

[9]  (1)One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress
    (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or
    (b) to any other person who is present at the time, if such distress results in bodily harm.
Rest. 2d of Torts § 46 (2007).

to accomplish the result for which it is created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothman v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3 DCA 1984) (citations omitted).

In her complaint, Plaintiff only alleges that Defendants' abused their own internal process, rather than the criminal or civil legal process. Thus, due to the lack of initiation of a legal proceeding altogether, the Court dismisses this count with prejudice, again unless Plaintiff can re-plead the existence of a legal proceeding that she was subjected to that can be remedied under an abuse of process claim.

### I.      *Count IX - Negligence*

Defendants move to dismiss Plaintiff's claim of negligence based on the Florida impact rule, and her lack of facts attesting to the necessary elements of a negligence cause of action.

The Florida Supreme Court continues to follow its longstanding rule that there is no recovery for negligence without evidence of a physical injury. *Gilliam v. Stewart*, 291 So. 2d 593, 595 (Fla. 1974). Although there are two narrow exceptions to this rule, Plaintiff's claim does not fall within either.[10] Thus, there can be no recovery on the basis of Plaintiff's alleged facts.

In addition, as Defendants also point out, Plaintiff never pleads any facts to support the proper elements of a claim of negligence: the existence of duty, a breach of that duty, proximate causation and damages. *Superior Garlic Intern. v. E & A Corp.*, 913 So. 2d 645, 648 (Fla. DCA 2005).

---

[10]In 1985, the Court eliminated the impact requirement in certain unique cases where "death or significant discernible physical injury, when caused by psychological trauma resulting from a negligent injury [is] imposed upon a close family member within the sensory perception of the physically injured person." *Champion v. Gray*, 478 So. 2d 17, 18 (Fla. 1985). In 1992, the Court created another exception for wrongful birth cases. *Kush v. Lloyd*, 616 So. 2d 415, 42-43 (Fla. 1992).

As a result of Plaintiff failing to plead any necessary elements and her lack of physical injury, the Court dismisses this count, but without prejudice.

### J. *Count X - Slander - Defamation of Character*

Defendants argue that Plaintiff cannot support a claim for slander because she fails to satisfy any of the elements of a slander cause of action. "In order to state a cause of action for defamation under Florida law, plaintiff must allege that: (1) defendant published a false statement, (2) that the statement was communicated to a third party, and, (3) that the plaintiff suffered damages as a result of this publication." *Nautica Intern. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1344 (S.D. Fla. 1988). In addition, "To assert a viable claim for slander the Plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Fowler v. Taco Viva, Inc.*, 646 F. Supp 152, 157-58 (S.D. Fla. 1986). Absent sufficient allegations, a claim for slander is properly dismissed for failure to state a cause of action. *Id.* (citing *Hawke v. Broward National Bank of Ft. Lauderdale*, 220 So.2d 678 (Fla. 4th DCA 1969)).

Plaintiff's sole contention is that she has been unable to secure similar employment due to the unfounded and erroneous allegations. [D.E. 1 at 14]. As a result of the lack of detail to this claim, Defendants are entirely correct that this claim must also be dismissed without prejudice.

### K. *Count XI - Wrongful Combination Against Workers*

Defendants argue that there is no civil remedy for Plaintiff's claim of wrongful combination against workers. Defendants are correct. Florida statute 448.045 states:

> If two or more persons shall agree, conspire, combine or confederate together for the purpose of preventing any person from procuring work in any firm or corporation, or to cause the discharge of any person from work in such firm or corporation; or if any person shall verbally or by written or

> printed communication, threaten any injury to life, property or business of any person for the purpose of procuring the discharge of any worker in any firm or corporation, or to prevent any person from procuring work in such firm or corporation, such persons so combining *shall be deemed guilty of a misdemeanor of the first degree*, punishable as provided in s. 775.082 or s. 775.083.(emphasis added).

Fla. Stat. § 445.045. When a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists. *Temple v. Aujla*, 681 So. 2d 1198, 1199 (Fla. 5th DCA 1996). As pointed out by Defendants, "where the legislature has spoken by delineating a specific remedy, it is not the judicial branch's role to overstep the legislature's authority and create an additional remedy." *Id.*

Thus, the Court dismisses this count with prejudice as the Court can see no facts that Plaintiff can allege in an amended complaint that can state a civil claim under this statute.

### L. *Count XII - Physical and Mental Anguish*

Defendants move to dismiss Plaintiff's claim for physical and mental anguish on the basis of Florida's impact rule.

As referenced earlier, Florida follows the "impact rule" regarding claims based on mental aguish. *E.g., Forde v. Royal's, Inc.*, 537 F.Supp 1173, 1175 (S.D. Fla. 1982). "Under this rule, a plaintiff cannot recover damages for mental anguish and suffering absent physical injury or some other type of tortious conduct." *Id.* (citing *Kirksey v. Jernigan*, 45 So.2d 188 (Fla. 1950)).

Plaintiff never alleges any physical injury, and has failed to allege any other tortious conduct. As a result, this Court dismisses Plaintiff's claim of physical and mental anguish but without prejudice.

### *M.    Counts XIII & XIV - Personal Damages and Punitive/Special Damages*

Defendants assert that Plaintiff cannot allege a claim for either personal damages or punitive/special damages because no independent cause of action exists within Florida law.

It is clear that Florida law does not allow for an independent cause of action for punitive damages. *E.g., Jarzynka v. St. Thomas University School of Law*, 310 F. Supp. 2d 1256, 1263, 1269 (S.D. Fla 2004). Moreover, personal and punitive damages are a remedy, not a cause of action by themselves. *Id.* Plaintiff's Complaint recounts how she has suffered financially as a result of her claims, but as held in this Order she has failed to plead any viable claim upon which she can obtain such damages. Thus, Counts XIII and XIV shall be dismissed at this point, but without prejudice.

### *N.    Other Parties-in-Interest*

Regarding the proposed parties-in-interest, Defendants' second motion seeks to strike all references made by Plaintiff based on Rule 12(f) and Rule 10. Plaintiff identifies various "parties-in-interest," but because these parties are not parties to this particular action (i.e. Plaintiff has not alleged any claims against them, and they have not filed any complaints against Defendants), these individuals should clearly be stricken as "parties" of any kind in the Complaint. Fed.R.Civ.P 12(f). In addition, Plaintiff has not alleged any basis at this point with which to join them as party defendants under Fed.R.Civ.P 19.

Thus, the Court agrees with Defendants and, therefore, strikes reference to said individuals as parties-in-interest.

## *IV.   CONCLUSION*

For the foregoing reasons, Defendants' Motion to Dismiss [D.E. 5] is hereby **GRANTED**.  Plaintiff shall have leave to amend, in accordance with this Order, but Plaintiff must comply with Fed. R. Civ. P. 11 in doing so.  If Plaintiff intends to file an amended complaint, she has twenty days from the date of this Order to do so.  Defendants' Motion to Strike [D.E. 8] is also **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of August, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge