UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80751-CIV-LENARD/TORRES

PAMELA MORRISON,

    Plaintiff,

vs.

MORGAN STANLEY PROPERTIES, a/k/a
MORGAN STANLEY REAL ESTATE FUND
IV DOMESTIC - GP, L.L.C., a foreign
corporation authorized to conduct business in
the state of Florida, *et al.*,

    Defendants.

_____/

## ORDER

This matter is before the Court upon Defendant Morgan Stanley Properties a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, LLC ("Morgan Stanley" or "Defendant")[1] Motion to Strike the Second Amended Complaint and/or Motion for More Definite Statement and Motion to Withdraw Orders Setting Mediation and Adopting Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures [**D.E. 55**] and Plaintiff's Response thereto [D.E. 57]. The Honorable Joan A. Lenard referred this matter to the undersigned Magistrate Judge. [D.E. 56]. After carefully considering the motion and response, and the entire record in this case, the Court denies Defendant's motion to strike but grants its motion for a more definite

---

    [1]    This motion was filed solely by Defendant Morgan Stanley because at the time, it was the only named Defendant which had been served with the Second Amended Complaint. Nevertheless, Morgan Stanley asserts that the issues addressed in this motion apply equally to all Defendants. It does not appear from the record that as of this date, any of the other Defendants have been served with the Second Amended Complaint.

statement, as discussed below. Defendant's motion to withdraw the scheduling orders will also be granted, and a new scheduling order will follow upon filing of a third amended complaint that comports with this Order.

## I.  BACKGROUND

Plaintiff Pamela Morrison is suing Defendants Morgan Stanley Properties, a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, L.L.C. ("Stanley Morgan"), Kitson, L.L.C. ("Kitson"), Ibis West Palm Partners, L.P., a/k/a MSKP Ibis Partners GP, L.L.C. ("Ibis West"), and Ibis Management Services, Inc. ("Ibis Management"), as well as four individual Defendants, Steven Philbrook, Sydney Kitson, Clifford Wilson, and William Vander May. *See* Second Am. Compl. [D.E. 54]. This action stems from Plaintiff's prior employment, and her suspension and termination from that employment, with the Ibis Golf & Country Club as its Assistant General Manager and Food and Beverage Director.

### A.  *Plaintiff's Factual Allegations*

According to the factual allegations in the Second Amended Complaint, on July 25, 2003, Plaintiff was contacted "by a representative from the Controller's office [Defendant Vander May's department] regarding a charge on Check No. 117 to Ibis General Manager Clifford Wilson in the amount of $600.00 for goods that Mr. Wilson had taken, without cost, from the Food & Beverage division of Ibis without the knowledge of the Food & Beverage Direct, for his personal use." Second Am. Compl., ¶¶ 8,15. After Plaintiff confirmed that Defendant Wilson had on several occasions taken food products for his personal use, "including the one for which he had been billed the retail cost of the goods taken, [she then] re-affirmed the charge to Mr. Wilson's department, from the Food & Beverage Department, to the Controller's office[.]" *Id.* Within hours, Defendants Wilson and Vander May called Plaintiff to Human Resources and suspended her, with pay, for "drinking on the job." *Id.,* ¶ 16. The

charge later was changed from "drinking on the job" to "participating in shift drinks," an accepted practice at the Club. *Id.*, ¶¶ 18-19.

On August 1, 2003, Plaintiff was contacted by the Human Resources Manager for an interview, at which time Plaintiff's husband advised that Plaintiff would seek legal representation prior to meeting with any representative of the Ibis Golf & Country Club. *Id.*, ¶ 21. That same day, Defendant Vander May attempted to contact Plaintiff by phone, and through Plaintiff's husband, "demanded" that she meet with him within the next two days. *Id.*, ¶ 22. After being advised that Plaintiff intended to obtain legal counsel, Defendant Vander May "informed Plaintiff's husband that Plaintiff could consider herself terminated, by him, at that point." *Id.* On August 5, 2003, Plaintiff was "formally terminated" by certified letter from Defendant Vander May for her "refusal to communicate with us" and "refusal to meet with us to discuss the outcome of our investigation and your options with regard to your employment with IBIS." *Id.*, ¶ 25.

### B.     *Procedural History*

Plaintiff initially filed a lawsuit against Morgan Stanley Properties, Kitson & Partners, LLP, and Ibis West Palm Partners, LLP, on August 2, 2005. *See Morrison v. Morgan Stanley Properties, et al.*, Case No. 05-80701-Civ-Zloch (S.D. Fla.). The Honorable William J. Zloch granted Defendants' motion for a more definite statement and ordered Plaintiff to file an amended complaint within a certain period of time. [D.E. 15 in Case No. 05-80701-Civ-Zloch]. Plaintiff failed to do so, and Judge Zloch dismissed the case without prejudice. [D.E. 16 in Case No. 05-80701-Civ-Zloch].

Plaintiff then filed a new action (the present one) with a more substantive complaint on August 7, 2006, naming Morgan Stanley Properties, a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, LLC; Kitson & Partners, LLP, and Ibis West Palm Beach Partners,

LLP a/k/a MSKP Ibis Holdings, LLC, as Defendants. [D.E. 1]. On August 9, 2007, we granted those Defendants' motion to dismiss the complaint without prejudice and afforded Plaintiff the opportunity to file an amended complaint that corrected the deficiencies discussed in detail in the Court's Order. [D.E. 39].

Plaintiff did file an Amended Complaint. [D.E. 45]. On October 22, 2007, we granted Defendant's motion for a more definite statement as to the Amended Complaint, principally because the substantive claims raised therein did not specifically identify which Defendant was subject to which claim and the factual basis for each Defendant's liability. [D.E. 52].[2] "As it stands now, the amended complaint purports to raise the same claims against the same defendants, but with no explanation of why legally or factually each separate defendant is liable under such claims." *Id.* Therefore, the Court ordered Plaintiff to either file a second amended complaint, or alternatively file a supplemental statement that, for each count of the Amended Complaint, identified which Defendant(s) was liable under that claim, together with a short and plain statement of what legal or factual basis existed for that Defendant(s) liability under each claim. *Id.*

Plaintiff filed her Second Amended Complaint on October 30, 2007. [D.E. 54]. It is this complaint that is now before the Court. The Second Amended Complaint includes counts for the following: claim for unpaid wages and benefits (Count I); willful violation of Drug Free Workplace Act (Count II); willful violations of Fair Labor Standards Act (Count III); violation of privacy rights (Count IV); spoilation of evidence (Count V); wanton, reckless and willful misconduct (Count VI); negligence (Count VII); slander and defamation of character (Count

---

[2] At the same time, the Court denied Defendant's motion to strike the Amended Complaint because there was no basis for striking the complaint solely because it added new parties or causes of action to the case. [D.E. 52].

VIII); physical and mental anguish (Count IX); personal damages (Count X); and punitive/special damages (Count XI).

Defendant has moved to strike the new complaint or, in the alternative, asks that the Court require a more definite statement from Plaintiff. [D.E. 55].[3] The basis for the motion is that the Second Amended Complaint fails to comply with the October 22, 2007, Order requiring a more definite statement, and instead "brings further confusion to the purported causes of action and the identity of the Defendants against whom they are asserted." *Id.* at 2. Defendant argues that Plaintiff appears to make nearly identical allegations naming every Defendant and each cause of action in each count, creating ambiguity and confusion and failing to address the issues that led the Court to grant the previous motion for more definite statement.

## II.   ANALYSIS

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.[4] Federal Rules of Civil Procedure 8(a) and 10(b) establish the necessary form to which a complaint must adhere. Rule 8(a) provides, in relevant part, that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

---

[3] Given the history of this case, Defendant is also requesting that the Court withdraw the scheduling and mediation orders that were entered in July and September 2007, respectively, and wait to re-set new deadlines in this case until such time as Plaintiff has filed a complaint that survives a motion to dismiss. [D.E. 55 at 4].

[4] There is no basis to grant Defendant's motion to strike the Second Amended Complaint under Federal Rule of Civil Procedure 12(f) simply because Plaintiff has added new parties, new causes of action, or attempted to clarify the factual and legal bases for her action.

>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 10(b) provides in relevant part that:

>   A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

These procedural rules, as a whole, do not require extensively detailed factual allegations, but they do require that a claim provide sufficient factual grounds to show more than a merely speculative entitlement to relief. *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007).

The Court concludes that Plaintiff's Second Amended Complaint, like her earlier ones, violates the standards set out in Rule 8(a) and 10(b) and is so vague and ambiguous that none of the Defendants can reasonably be expected to frame a responsive pleading. This is so notwithstanding application of the less stringent standard of review the Court must apply when assessing a *pro se* pleading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers); *GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (courts do and should show a leniency to *pro se* litigants that is not enjoyed by those with the benefit of a legal education). The leniency afforded *pro se* plaintiffs in assessing their pleadings does not, however, permit a trial court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia County Sch. Bd.*, No. 07-12704, 2008 WL 80708, *2 (11th Cir. Jan. 9, 2008); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The easiest way to demonstrate how Plaintiff has failed in her latest attempt to specifically identify which Defendant is liable under which count, and to state the legal and factual bases that support a Defendant's liability with regard to a particular claim, is by example. For instance, Count I of the Second Amended Complaint is a claim for unpaid wages and benefits. Count I is comprised of paragraphs 29 through 34, and incorporates by reference the factual allegations of paragraphs 1 through 28.[5] Paragraph 30 appears to state that this claim is being raised against the following Defendants who are separately identified in subparagraphs a. through d.:  a. Morgan Stanley Properties; b. Kitson, LLC; c. Ibis West Palm Partners L.P., and d. Ibis Management Services, Inc.  However, each of the subparagraphs a. through d. contains a long recitation that names other Defendants.  For example, subparagraph a. which purports to name Morgan Stanley Properties as a Defendant reads as follows:

> a. MORGAN STANLEY PROPERTIES (for condoning and/or deliberate indifference of, as majority partner/owner, the situation of wrongful combination, by definition a premeditated act, by CLIFFORD WILSON, STEVEN PHILBROOK and WILLIAM VANDER MAY and condoning and/or being deliberately indifferent to a hostile work environment against Plaintiff and condoning and/or being deliberately indifferent to IBIS MANAGEMENT

---

[5] Incorporation of allegations by reference is not improper in the first count, but it is improper if all the allegations contained in preceding paragraphs are incorporated into subsequent counts. Plaintiff committed this error in Counts II through XI. *See* Second Am. Compl., ¶¶ 35, 43, 49, 57, 64, 69, 72, 76, 80, 86. This incorporation method of pleading is clearly improper. *See, e.g., Dubray v. Rosebud Hous. Auth.*, 565 F.Supp. 462, 465 (D.S.D. 1983) (confusion created where plaintiff indiscriminately restated and realleged the preceding paragraphs of the complaint at the beginning of each count although the allegations were not applicable to the particular count). By incorporating all paragraphs preceding a count into each separate count, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Central Fla. Community College,* 77 F.3d 364, 366 (11th Cir. 1996). In addition to making it difficult to frame a responsive pleading, such shotgun pleading also "imperils fundamental principles of due process." *Bonnie L. ex rel. Hadsock v. Bush,* 180 F.Supp.2d 1321, 1348 (S.D. Fla. 2001); *see also Dinkins v. Charoen Pokphand USA, Inc.,* 133 F.Supp.2d 1254, 1261 (M.D. Ala. 2001) ( "[s]hotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut.").

> SERVICES, INC.'S, IBIS WEST PALM PARTNERS, L.P.'S, and KITSON, LLC'S failure to pay Plaintiff, while suspended with pay, between August 5th, 2003 to present).

Second Am. Compl. ¶ 30.a. This subparagraph recites all but one of the Defendants named in this lawsuit. The other subparagraphs under paragraph 30 (subparagraphs b., c., and d.) are similar. It is thus unclear which Defendants the claim for unpaid wages and benefits is being asserted against.

Moreover, the subparagraph does not allege what theory of liability is relied upon to name a particular individual a Defendant to that particular claim. In other words, the factual allegations that are recited in Count I do not clarify which Defendant is being sued for unpaid wages and benefits, nor the factual or legal bases for said claim. The following paragraphs are included in Count I:

> 31.  Although Florida is an "employment-at-will" state, Plaintiff states that she has not been terminated from Ibis Golf and Country Club, due to the illegal and improper actions of William Vander May. Disciplining or discharging an employee for refusing to proceed with an interview without requested representation constitutes an unfair labor practice and the remedy is reinstatement of the employee with back pay and benefits as well as liquid damages equal to back pay and benefits not paid to date;
>
> 32.  Plaintiff states that due to the illegal actions of Defendant William Vander May, as supported by Defendant IBIS MANAGEMENT SERVICES, INC. through the condoning of and/or deliberate indifferences to Vander May's actions, in turn supported by, in succession, Defendant's IBIS WEST PALM PARTNERS, KITSON and MORGAN STANLEY.
>
> 33.  Plaintiff further states that Defendants participated in retaliatory personnel action as stated in Paragraphs 1-28;
>
> 34.  Defendants illegally singled out Plaintiff in violation of the Florida's Department of Labor (Wage & Hour), the National Labor Board Act, Wrongful Combination (Fla. Stat. 448.045) and the Fair Labor Standards Act[.].

Second Am. Compl., ¶¶ 31-34. These "factual allegations" provide no clarity whatsoever as to whom specifically Plaintiff alleges is liable for unpaid wages and benefits, and why.

Each of the other ten counts in the Second Amended Complaint suffers from the same type of infirmities. The Second Amended Complaint is so vague and ambiguous that Defendants cannot reasonably be expected to frame a responsive pleading.

The recent decision by the Eleventh Circuit Court of Appeals in *Lampkin-Asam v. Volusia County Sch. Bd.* is instructive. There, the court affirmed an order dismissing, with prejudice, a *pro se* plaintiff's second amended complaint because it violated the command of Rule 9(a)(2) that a complaint contain a short and plain statement of the claims showing the party is entitled to relief. 2008 WL 80708. The trial court had twice before dismissed without prejudice the plaintiff's complaints because they were "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 2. The trial court gave the plaintiff one final opportunity to file a complaint that complied with Rule 8 or face dismissal with prejudice. *Id.*

The plaintiff availed herself of the opportunity and filed a second amended complaint. Upon review, the trial court again deemed it insufficient under Rule 8, describing it as a "labyrinth of claims, counts, accusations and repetition." *Id.* Given the earlier warning that the second amended complaint would be her last, the trial court dismissed it with prejudice. *Id.*

The Eleventh Circuit affirmed the dismissal with prejudice. *Id.* The court explained that a "shotgun" complaint is one that fails to articulate claims with sufficient clarity to allow a defendant to frame a responsive pleading, and is prohibited by Rule 8(a)(2). *Id.* The court found the plaintiff's complaint to be "confusing, incoherent, and clogged with seemingly irrelevant factual allegations," noting that the same facts were repeated throughout, and much of the complaint was devoted to matters outside the scope of the action. *Id.* This violated Rule 8(a)(2) because the complaint did not contain a "short and plain statement of the claim" showing entitlement to relief. *Id.* Because the plaintiff had been provided with two

opportunities to correct this problem, the Eleventh Circuit deemed dismissal with prejudice appropriate. *Id.*

Some of the very deficiencies relied upon in *Lampkin-Asam* are apparent here in Plaintiff's Second Amended Complaint. The operative complaint is confusing, repeats many of the same facts throughout, and each of the eleven counts are clogged with seemingly irrelevant facts. As we stated in connection with our review of the Amended Complaint, this Second Amended Complaint "purports to raise the same claims against the same defendants, but with no explanation of why legally or factually each separate defendant is liable under such claims." [D.E. 52]. Simply put, the shotgun pleading that is the Second Amended Complaint does not contain a short and plain statement of each claim showing entitlement to relief. Defendants cannot be reasonably expected to frame a responsive pleading to this complaint.

Accordingly, the Court will grant Defendant's motion for a more definite statement.[6] The Court, in the interests of justice, will give Plaintiff one last chance to file a complaint that comports with the requirements of Rule 8(a) and 10(b). In particular, each count of the third amended complaint shall identify with specificity which Defendant(s) is liable under that claim and why, under the law, that Defendant(s) can be named an individual Defendant for that claim. Furthermore, each count shall state with specificity both the factual and legal basis for the claim it sets forth and shall not include factual allegations that are not relevant. To avoid further confusion, Plaintiff shall not reincorporate any paragraphs of the amended complaint by reference. Each claim should stand by itself and set forth those factual

---

[6] The Court notes that Defendant did not technically move in the alternative to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

statements that support that claim and, most importantly, support the naming of a particular Defendant(s).

Again, if Plaintiff fails to comply with the provisions of this Order, the Court may have to entertain a motion to dismiss this cause with prejudice.  Plaintiff can avoid that circumstance by simplifying what it is she is claiming and identifying only those persons within the body of that claim whom she can allege in good faith is legally liable for such a claim.

## III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant Morgan Stanley Properties a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, LLC Motion to Strike the Second Amended Complaint and/or Motion for More Definite Statement and Motion to Withdraw Orders Setting Mediation and Adopting Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures [**D.E. 55**] is **GRANTED in part** as follows:

1. Defendant's Motion to Strike is **DENIED**.

2. Defendant's Motion for More Definite Statement is **GRANTED**. **On or before January 25, 2008**, Plaintiff shall file a third amended complaint that complies with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.  If Plaintiff fails to comply with the provisions of this Order, the Court may entertain a motion to dismiss this cause with prejudice.

3.	Defendant's Motion to Withdraw Orders Setting Mediation and Adopting Joint Scheduling Report, Setting Pretrial Conference and Trial, Establishing Pretrial Deadlines, and Establishing Pretrial and Trial Procedures is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of January, 2008.

EDWIN G. TORRES
United States Magistrate Judge