UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80751-CIV-LENARD/TORRES

PAMELA MORRISON,

    Plaintiff,

vs.

MORGAN STANLEY PROPERTIES, a/k/a
MORGAN STANLEY REAL ESTATE FUND
IV DOMESTIC - GP, L.L.C., a foreign
corporation authorized to conduct business in
the state of Florida,
KITSON, L.L.C., a Florida limited liability
corporation authorized to conduct business in
the state of Florida, and
IBIS WEST PALM PARTNERS, L.P., a/k/a
MSKP IBIS PARTNERS GP, L.L.C., a foreign
limited partnership authorized to conduct
business in Florida, and
IBIS MANAGEMENT SERVICES, INC., a
Florida corporation authorized to conduct
business in Florida,

    Defendants.
_____/

**ORDER ON DEFENDANTS KITSON, L.L.C.,
IBIS WEST PALM PARTNERS, L.P. A/K/A MSKP IBIS PARTNERS
GP, L.L.C. AND IBIS MANAGEMENT SERVICES, INC.'S
<u>MOTION TO DISMISS FOR FAILURE TO SERVE</u>**

This matter is before the Court upon a motion filed by Defendants Kitson, L.L.C. ("Kitson LLC"), Ibis West Palm Partners, L.P. a/k/a MSKP Ibis Partners GP, L.L.C. ("Ibis West"), and Ibis Management Services, Inc. ("Ibis Management") (collectively, "Defendants") to dismiss the Third Amended Complaint filed by Plaintiff Pamela Morrison ("Plaintiff") [D.E. 72], and Plaintiff's Response in opposition thereto [D.E. 78]. The parties consented to the undersigned Magistrate Judge rendering a final order on this motion. [D.E. 30]. After

carefully considering the motion and response, and the entire record in this case, the Court GRANTS in part Defendants' motion to dismiss for failure to serve. The Third Amended Complaint is DISMISSED without prejudice as to these three Defendants, for the reasons set forth below.

## I. BACKGROUND[1]

Plaintiff filed her first complaint in this case on August 7, 2006, against Morgan Stanley Properties, a/k/a Morgan Stanley Real Estate Fund IV Domestic - GP, LLC ("Morgan Stanley"); Kitson & Partners, LLP ("Kitson Partners"), and Ibis West Palm Beach Partners, LLP a/k/a MSKP Ibis Holdings, LLC ("Ibis West Palm Partners LLP"). [D.E. 1]. On August 9, 2007, we granted those Defendants' motion to dismiss the complaint without prejudice and afforded Plaintiff the opportunity to file an amended complaint that corrected the pleading deficiencies discussed in detail in the Court's Order. [D.E. 39].

On August 29, 2007, Plaintiff filed an Amended Complaint in which she named the same Morgan Stanley entity as well as newly-named Defendants Kitson, L.L.C. ("Kitson LLC"), Ibis West Palm Partners, L.P., a/k/a MSKP Ibis Partners GP, L.L.C. ("Ibis West"), Ibis Management Services, Inc. ("Ibis Management"),[2] and four individuals. [D.E. 45]. Kitson LLC, Ibis West, and Ibis Management assert, and Plaintiff does not dispute, that they were never served with the Amended Complaint. Moreover, there is no evidence in the record that Plaintiff attempted to have them served.

On October 22, 2007, we granted a defense motion for a more definite statement as to the Amended Complaint, principally because the substantive claims raised therein did not specifically identify which Defendant was subject to which claim and the factual basis for each

---

[1] Only those facts that are relevant to this motion are recited here.

[2] These three newly-named Defendants are the movants here.

Defendant's liability. [D.E. 52]. "As it stands now, the amended complaint purports to raise the same claims against the same defendants, but with no explanation of why legally or factually each separate defendant is liable under such claims." *Id.* Therefore, the Court ordered Plaintiff to either file a second amended complaint, or alternatively file a supplemental statement that, for each count of the Amended Complaint, identified which Defendant(s) was liable under that claim, together with a short and plain statement of what legal or factual basis existed for that Defendant(s) liability under each claim. *Id.*

Plaintiff filed her Second Amended Complaint on October 30, 2007, against the exact same parties. [D.E. 54]. Once again, it is undisputed that Plaintiff did not serve the complaint on Kitson LLC, Ibis West, or Ibis Management. In fact, Morgan Stanley's motion for a more definite statement, which was filed on November 13, 2007, put Plaintiff on notice of this fact. [D.E. 55 at 1 n.1]. We noted this fact in our January 14, 2008, Order granting Morgan Stanley's motion:

> This motion was filed solely by Defendant Morgan Stanley because at the time, it was the only named Defendant which had been served with the Second Amended Complaint. Nevertheless, Morgan Stanley asserts that the issues addressed in this motion apply equally to all Defendants. *It does not appear from the record that as of this date, any of the other Defendants have been served with the Second Amended Complaint.*

[D.E. 66 at 1 n.1 (emphasis in original)].

Our Order required a more definite statement from Plaintiff because the latest version of her complaint violated the standards set out in Rule 8(a) and 10(b) and was so vague and ambiguous that none of the Defendants could reasonably be expected to frame a responsive pleading. The Court allowed Plaintiff one final opportunity to file a complaint that satisfied the pleading requirements of those rules, warning that if she failed to comply, the Court would entertain a motion to dismiss this cause with prejudice.

Thereafter, on January 28, 2008, Plaintiff filed her Third Amended Complaint which is now before us. [D.E. 69]. She kept the same four business entities named in the two previous complaints – Morgan Stanley, Kitson LLC, Ibis West, and Ibis Management - but dropped the individual defendants.

Kitson LLC, Ibis West, and Ibis Management have moved to dismiss the Third Amended Complaint against them because service of the summons and complaint was not made on them within 120 days as required by Fed. R. Civ. P. 4(m). Plaintiff counters that the filing of the Third Amended Complaint rendered the previous filings "moot" and thus the 120-day period began to run from the date the latest complaint was filed, i.e., January 28, 2008.

## II. ANALYSIS

Rule 4(m) provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. Plaintiff is correct that the allegations and claims of a new complaint supplant those in previous ones, but she is wrong in supposing that the 120-day service requirement is likewise re-started as to those defendants already named in a previous complaint.

> Although Rule 4(m) might be read to permit service within 120 days of the most recently filed version of the complaint, we agree with the other authorities that have addressed the issue and refuse to so read Rule 4(m).
>
> * * *
>
> . . . the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *See Carmona v. Ross*, 376 F.3d 829 (8th Cir.2004); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed.2002); 1 James Wm. Moore et al., Moore's Federal Practice § 4.80 (3d ed.1997). This construction of the rule prevents the plaintiff from repeatedly filing amended complaints "to extend the time for service indefinitely," *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987). In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could

> evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original 120-day deadline simply by filing an amended complaint when it felt like effecting service. *Accordingly, we read "service ... upon a defendant within 120 days after the filing of the complaint," Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served.*

*Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) (emphasis supplied).

The first complaint that named Kitson LLC, Ibis West, and Ibis Management was filed on August 29, 2007. More than 120 days has passed and they were not served with a summons and complaint, therefore the Third Amended Complaint will be dismissed as to these parties.

Defendants ask that the complaint be dismissed against them *with* prejudice even though Rule 4(m) speaks of dismissal without prejudice. They note that Plaintiff was on notice at the latest as of November 13, 2007 - through Morgan Stanley's motion for more definite statement - that she had not served the newly-added Defendants. They argue that with her "multitude of complaints, repeated failures to comply with Court orders, and ever changing lineup of Defendants, this is a case that cries out for dismissal of the un-served Defendants [] rather than allowing Morrison yet another opportunity to try again." [D.E. 72 at 4]. While the Court understands Defendants' frustrations, given the somewhat ambiguous wording of Rule 4(m) and the fact that Plaintiff is *pro se*, the Court will dismiss the complaint without prejudice.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion of Defendants Kitson, L.L.C., Ibis West Palm Partners, L.P. a/k/a MSKP Ibis Partners GP, L.L.C., and Ibis Management Services, Inc. to Dismiss the Third Amended Complaint filed by Plaintiff Pamela Morrison

[D.E. 72] is **GRANTED in part**.  The Third Amended Complaint is DISMISSED without prejudice against these Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of April, 2008.

EDWIN G. TORRES  
United States Magistrate Judge